UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone R. Montgomery, # 359300, | ) C/A No. 5:14-3516-TMC-KDW |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Warden, Evans Correctional Institution, | ) |
| | ) |
| Respondent. | ) |
| | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was submitted to the court by a state prison inmate appearing pro se. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual and Procedural Background

Tyrone R. Montgomery ("Petitioner") pleaded guilty to criminal charges in Darlington County on March 17, 2014. Pet. 1, ECF No. 1. He received a seven-year sentence, which he is currently serving at Evans Correctional Institution. *Id*. Petitioner states that he did not file a direct appeal or a state post-conviction relief application ("PCR") before submitting his Petition to this court because he was allegedly told that he could receive a life sentence if he appealed. *Id*. at 5. He also alleges that his guilty plea was not voluntary because he was "told that if I did not plead guilty that I would go to prison for life." *Id*. at 5, 10, 11. He asks this court to reduce his sentence to three years. *Id*. at 14.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition

submitted in this case be summarily dismissed.

III. Discussion

The Petition for a Writ of Habeas Corpus filed in this case should be dismissed because Petitioner has not fully exhausted his state remedies. With respect to his 2014 Darlington County conviction and sentence, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and, possibly but less commonly, a writ habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after Petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Moore v. De Young*, 515 F.2d 437, 442-43 (3d Cir. 1975) (exhaustion required under 28 U.S.C. § 2241). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973) (citing *Braden*).

Section 2254's exhaustion requirement provides:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (i) there is an absence of available State corrective process; or
>>
>>  (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies

3

>available in the courts of the State.

>(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

>(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c). This doctrine requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See Picard v. Connor*, 404 U.S. at 276. Before a federal court may consider a habeas claim under § 2254, the petitioner must give the state court system "'one full opportunity to resolve any constitutional issues by invoking one complete round of the State's appellate review process . . . .'" *Longworth v. Ozmint*, 377 F.3d 437, 447-48 (4th Cir. 2004) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). That "complete round" of appellate review also includes "discretionary review" such as the filing of a petition for writ of certiorari to the South Carolina Supreme Court seeking review of the dismissal of a PCR application. *Id*. at 448. In this regard, the South Carolina Supreme Court has specifically stated, "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." *In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454, 454 (S.C. 1990) (specifically addressing criminal and post-conviction relief appeals).

However, as noted above, it does not appear from the allegations contained in the Petition that Petitioner filed a direct appeal of his Darlington County conviction and sentence to the South Carolina state appellate courts, nor does not appear that he filed a PCR application

directed to that conviction and sentence in the Darlington County Court of Common Pleas. As a result, the ground for habeas relief ostensibly raised in the Petition filed in this case has not yet been considered and addressed by courts of the State of South Carolina. This failure to exhaust available state remedies is fatal to this case.

Because it is clear from the face of the pleadings in this case that Petitioner has several viable state court remedies (direct appeal, PCR, appellate review of PCR) which have not been fully utilized, this court should not keep this case on its docket while Petitioner is exhausting his state remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971) (federal habeas court should not retain the case on its docket pending exhaustion of state court remedies, but, absent special circumstances, should dismiss the petition); *Salama v. Virginia*, 605 F.2d 1329, 1330 (4th Cir. 1979) (same).

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

October 3, 2014                                                              Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).